1

2  ROBERT FERGUSON
   Attorney General of Washington
3  KELLY T. WOOD, WSBA #40067 (*pro hac vice* pending)
   Assistant Attorney General
4    800 Fifth Avenue, Suite 2000
     Seattle, WA 98104
5    Telephone: (206) 326-5494
     Fax: (206) 587-5088

6  KENDALL BRILL & KELLY LLP
   Laura W. Brill (195889)
7    *lbrill@kbkfirm.com*
   Kendall Brill & Kelly LLP
8  10100 Santa Monica Blvd., Suite 1725
   Los Angeles, CA 90067
9  Telephone: 310.556.2700
   Facsimile: 310.556.2705
10
   *Attorneys for the State of Washington*
11

12              UNITED STATES DISTRICT COURT
             CENTRAL DISTRICT OF CALIFORNIA
13                   WESTERN DIVISION

14  OCEANA, INC.,                        NO.  2:17-cv-05146 RGK-
                                         JEMx
15                        Plaintiff,
                                         **NOTICE OF MOTION AND**
16       v.                              **MOTION FOR LEAVE TO**
                                         **FILE AMICUS CURIAE**
17  WILBUR ROSS, in his official         **BRIEF IN SUPPORT OF**
    capacity as Secretary of the U.S.    **PLAINTIFF**
18  Department of Commerce;
    NATIONAL OCEANIC AND
19  ATMOSPHERIC
    ADMINISTRATION; and
20  NATIONAL MARINE
    FISHERIES SERVICE,
21
                          Defendants.
22

23       **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

24       **PLEASE TAKE NOTICE THAT** the State of Washington hereby moves

25  the Court for leave to file a brief *amicus curiae* in the above-captioned case in

26

NOTICE OF MOTION AND MOTION
FOR LEAVE TO FILE AMICUS CURIAE
BRIEF

ATTORNEY GENERAL OF WASHINGTON
Counsel for Environmental Protection
800 5th Ave., Ste. 2000, TB-14
Seattle, WA 98104-3188
(206) 326-5494

support of Plaintiff. A copy of the proposed *amicus* brief is attached as an exhibit to this motion.

## I.      LEGAL STANDARD

District courts have broad discretion in granting leave to participate as *amicus curiae. Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982). While there is no specific rule on when such leave is proper, this discretion is liberally applied when the legal issues in a case "have potential ramifications beyond the parties directly involved." *NGV Gaming, Ltd. v. Upstream Point Molate, LLC*, 355 F. Supp. 2d 1061, 1067 (N.D. Cal. 2005). Indeed, the "classic role" of *amicus curiae* is filled in cases that involve the general public interest, including the interpretation and status of the law. *Funbus Systems, Inc. v. State of Cal. Pub. Util.s Comm'n*, 801 F.2d 1120, 1125 (9th Cir. 1986) (referencing *Miller-Wohl Co. v. Commissioner of Labor & Industry*, 694 F.2d 203, 204 (9th Cir. 1982)); *Cmty. Ass'n for Restoration of the Env't. (CARE) v. DeRuyter Bros. Dairy*, 54 F. Supp. 2d 974, 975 (E.D. Wash. 1999). Leave is also typically granted where the *amicus* has a "perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *CARE*, 54 F. Supp. 2d at 975.

## II.      STATEMENT OF IDENTITY AND INTEREST OF *AMICUS CURIAE*

The current case involves allegations that the United States Secretary of Commerce, through a delegation of authority to the National Oceanic and Atmospheric Administration (NOAA) and the National Marine Fisheries Service (NMFS), violated the law by refusing to publish a final regulation related to the California drift gillnet fishery. The regulation, proposed by the Pacific Fishery Management Council, sought to reduce the amount of "bycatch" of protected

ATTORNEY GENERAL OF WASHINGTON
Counsel for Environmental Protection
800 5th Ave., Ste. 2000, TB-14
Seattle, WA 98104-3188
(206) 326-5494

1   marine species, including endangered whales and sea turtles that frequent

2   Washington waters.

3          Washington's interest in the resolution of this issue is significant. The

4   regional fishery management councils are the only direct role that States have to

5   shape federal fishery rules. Because Washington's fisheries are within the

6   jurisdiction of the Pacific Council, Washington, through its designated regulatory

7   agency, the Washington Department of Fish and Wildlife, is permanent member

8   of the Pacific Council. In this capacity, Washington participated directly in crafting

9   the proposed regulation at issue in this case. Washington, thus, has a vested interest

10  in ensuring that NMFS properly adheres to the Magnuson-Stevens Act's

11  procedures for review of regional councils' fishery management plans and

12  implementing regulations—both as related to current drift gillnet regulation and

13  other regulations that may be put forward by the Pacific Council in the future.

14         Washington and its residents also have a significant interest in benefits

15  provided to the species targeted for protection by the proposed regulation. Many

16  of the species vulnerable to bycatch under the California drift gillnet fishery are

17  migratory in nature and frequent Washington waters, including humpback and

18  sperm whales, sea turtles (leatherback, loggerhead, and green turtles), and a host

19  of other marine animals. Because many of these species are listed as endangered

20  or threatened under Washington State law, Washington expends significant

21  resources on protecting these species and their habitat. These efforts are

22  undermined by bycatch in the California drift gillnet fishery, particularly when

23  Washington has for decades prohibited the use of drift gillnets in state coastal

24  waters because of the adverse impacts of bycatch. As NMFS has acknowledged,

25  the Pacific Council's rule—if implemented—will likely decrease bycatch rates.

26  As a result, NMFS's reversal of its original affirmative decision on the proposed

NOTICE OF MOTION AND MOTION
FOR LEAVE TO FILE AMICUS CURIAE
BRIEF

ATTORNEY GENERAL OF WASHINGTON
Counsel for Environmental Protection
800 5th Ave., Ste. 2000, TB-14
Seattle, WA 98104-3188
(206) 326-5494

1 regulation means that neither the anticipated reduction of bycatch of protected

2 species, nor Washington's burden of protecting these species, will be lessened.

### III.   *AMICUS CURIAE*'S EXPERTISE WILL BENEFIT THE COURT

As a permanent member of the Pacific Fishery Management Council and a participant in crafting the regulation at issue in this case, Washington has considerable and specific knowledge regarding the California Drift Gillnet Fishery, its impacts to the Pacific coastal region, and the need to regulate the fishery to prevent unacceptable impacts to protected species. Additionally, as a participant in the Pacific Council since its inception, Washington also has valuable insight into the Magnuson-Stevens Act's de-centralized, regional approach to fisheries management as well as an understanding of how Congress has shaped the Magnuson-Stevens Act over the years to respond to shortcomings in fisheries policy. Because the named parties do not fully represent this perspective, Washington's proposed *amicus* brief provides unique context that will assist the Court. *See Funbus Systems, Inc.*, 801 F.2d at 1125; *CARE*, 54 F. Supp. 2d at 975.

Defendants in this case also take a broad read of the Magnuson-Stevens Act and its process for approving fisheries regulations drafted by regional councils. Defendants' reading, if adopted by this Court, would arguably apply to future regulations proposed by the Pacific Council. As a result, it is also especially important for the Court to consider Washington's view—as a permanent Pacific Council member—that Defendants' failure to act in this case directly contradicts Congress' intent that NMFS's review of proposed regulations not delay what a regional council views as necessary to implement a regional council's fishery management plan.

NOTICE OF MOTION AND MOTION
FOR LEAVE TO FILE AMICUS CURIAE
BRIEF

ATTORNEY GENERAL OF WASHINGTON
Counsel for Environmental Protection
800 5th Ave., Ste. 2000, TB-14
Seattle, WA 98104-3188
(206) 326-5494

## IV.   CONCLUSION

For the foregoing reasons, the Washington respectfully requests this Court's leave to file the attached *amicus* brief.

DATED this 27th day of August, 2018.

ROBERT W. FERGUSON
Attorney General of Washington

/s/ Kelly T. Wood
Kelly T. Wood (*pro hac vice* pending)
Assistant Attorney General
Washington Attorney General's Office
Counsel for Environmental Protection
800 5th Ave Ste. 2000 TB-14
Seattle, Washington 98104
(206) 326-5493
Email: kelly.wood@atg.wa.gov

DATED:  August 27, 2018   KENDALL BRILL & KELLY LLP

By: /s/ Laura W. Brill
Laura W. Brill (195889)
Special Assistant Attorney General
Kendall Brill & Kelly LLP
10100 Santa Monica Blvd., Suite 1725
Los Angeles, CA 90067
Telephone: 310.556.2700
Facsimile: 310.556.2705
*lbrill@kbkfirm.com*

Attorneys for the State of Washington

NOTICE OF MOTION AND MOTION
FOR LEAVE TO FILE AMICUS CURIAE
BRIEF